UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ORLO J. AMOS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Civil No.  CV-12-0094-RHW<br><br>Crim. No.  CR-08-0087-RHW-1<br><br>**ORDER DISMISSING PETITION AND DIRECTING SERVICE** |

The Petitioner, a federal prisoner housed at FCI Sheridan, Oregon, brings this *pro se* action purportedly pursuant to 28 U.S.C. § 2241, claiming "actual innocence." The Petitioner failed to pay the filing fee or move to proceed in forma pauperis, but the Court finds there is no need to delay resolution of the case on that basis. For the reasons discussed, the Court will construe this as a Motion for Reduction in Sentence and dismiss the Section 2241 habeas petition.

**A. Dismissal of Section 2241 Petition**

　　*1. This Court Lacks Jurisdiction*

An initial defect with the petition is that Mr. Amos fails to name a proper respondent. The proper respondent is Petitioner's immediate custodian, that is, the warden of the facility in which he is incarcerated. *See* Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). This is not a defect that the Petitioner can cure by amendment, because this Court lacks personal jurisdiction over the warden in Oregon.

**ORDER DISMISSING PETITION & DIRECTING SERVICE** ~ 1

### *2. The Petition Fails on its Merits*

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir.2000) (per curiam). On January 21, 2010, the Court sentenced the Petitioner to 100 months imprisonment after he pleaded guilty to distribution of five grams or more of a mixture or substance containing cocaine base. ECF No. 105; 21 U.S.C. § 841(a)(1). The Petitioner's current challenge is directed at that sentence, but the appropriate vehicle for challenging the legality of a federal sentence is a § 2255 motion. Judgment was entered in Petitioner's criminal action on February 1, 2010. Mr. Amos did not appeal; he did not file a Section 2255 motion. It appears that a Section 2255 motion is now time-barred. 28 U.S.C. § 2255(f).

Ordinarily, the "restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006). The Court may entertain a Section 2241 petition, however, when a Section 2255 motion is "inadequate" or "ineffective." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000). Petitioner has not made this showing.

Relief under 28 U.S.C. § 2241 would only be available if Petitioner was barred from proceeding under Section 2255, and he is actually innocent. *See* Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011). Mr. Amos has not shown that he was prevented in any way from filing a Section 2255 motion in the sentencing court, and he cannot show that an obstruction prevented him from presenting these claims. Indeed, he never filed a Section 2255 motion, and he offers no explanation for his failure to do so. Section 2255 is not inadequate and ineffective simply because a motion would now be time-barred. *See, e.g.* Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004) .

Next, the Petitioner asserts the Fair Sentencing Act of 2010 modified the statute

**ORDER DISMISSING PETITION & DIRECTING SERVICE** \* 2

under which he was criminally convicted, thereby rendering him "factually innocent," and entitling him to a new trial. But the Act did not make the distribution of cocaine base legal. It only raised from five grams to twenty-eight grams the amount of cocaine base required to trigger the five- and ten-year mandatory statutory sentences. Having failed to demonstrate that he was barred from proceeding under Section 2255 and that he is actually innocent, Petitioner is not entitled to proceed with this action under 28 U.S.C. § 2241.

**B. Motion for Sentence Reduction**

Because the thrust of the Petitioner's arguments center on the Fair Sentencing Act, the Court presumes that he seeks retroactive application of the sentencing guidelines. 18 U.S.C. § 3582(c)(2). The Court will construe this petition as such a motion, and it directs service on the Government for a response.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petitioner's Petition Under 28 U.S.C. § 2241 is **DISMISSED**, with prejudice. The District Court executive is directed to **CLOSE** this civil case.

2. Because an appeal from this decision could not be taken in good faith, there is no basis upon which to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

3. The District Court Executive is directed to file this petition as a Motion for Sentence Reduction in the Petitioner's criminal case, No. 08-CR-0087-RHW-1. The Government shall respond on or before **February 29, 2012.** The Motion will be heard without oral argument on **March 15, 2012.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 17th day of February, 2012.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

**ORDER DISMISSING PETITION & DIRECTING SERVICE** * 3

1 Q:\aCIVIL\2012\Amos\dismiss.ord.wpd
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER DISMISSING PETITION & DIRECTING SERVICE** * 4